IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GREGORY HANNAH-JONES, | : | |
| | : | |
| PLAINTIFF, | : | Civil Action File |
| | : | |
| vs. | : | No. _____ |
| | : | |
| | : | |
| AMAZON.COM SERVICES, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| DEFENDANT. | : | |

## **COMPLAINT**

Plaintiff, Gregory Hannah-Jones, by and through counsel, files his Complaint against Defendant Amazon.com Services, Inc. ("Amazon") alleging as follows:

Introduction

1. Plaintiff was formerly employed as an Executive Assistant for Amazon in Bellevue, Washington. Amazon discriminated against Plaintiff due to his race and sex/sexual orientation. In one instance, an executive belittled and reprimanded Plaintiff in front of Plaintiff's colleagues and top Amazon executives. After reporting this incident, he was suspended and then fired for this protected activity. He brings claims of discrimination and retaliation under Title VII.

## Jurisdiction and Venue

2. This Court has original jurisdiction over the present action under Article III, §2 of the United States Constitution and 28 U.S.C §§ 1331, because this case arises under the Title VII, a federal statute that affects interstate commerce.

3. Plaintiff exhausted his administrative remedies and these claims are properly before this Court.

4. Venue is properly placed in this District because the Defendant, at all relevant times, transacted business in this District and because Plaintiff resides in this District pursuant to 28 U.S.C. §1391(b).

## The Parties, Jurisdiction & Venue

5. Plaintiff is a citizen of the United States, and a resident of Coweta County, Georgia.

6. Amazon is a corporation organized under the laws of the State of Delaware.

7. At all times material hereto, Amazon was authorized to conduct business in the State of Georgia.

8. Plaintiff is entitled to bring actions of this kind and nature in this judicial district.

9. Amazon is subject to the personal jurisdiction of this Court.

10. Venue is proper in this Court.

**Plaintiff Has Satisfied All Conditions Precedent**

11. On or about November 30, 2023, Plaintiff filed a Charge of Discrimination against Amazon with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC designated this Charge as Charge Number 551-2024-00994 (hereafter referred to as "the Charge of Discrimination").

12. In the Charge of Discrimination, Plaintiff asserted that Amazon subjected him to a hostile work environment and discrimination on account of his race (African American) and sex/sexual orientation and retaliation in response to his reporting of a hostile work environment, harassment and discrimination.

13. Plaintiff filed the Charge of Discrimination within 180 days of the unlawful employment practices alleged therein.

14. The EEOC issued Plaintiff a Notice of Right to Sue (hereafter "the Notice of Right to Sue") dated March 26, 2024, which was received by Plaintiff on March 28, 2024.

15. Plaintiff files this action within 90 days of receipt of the Notice of Right to Sue.

**Factual Allegations**

16. Amazon employed Plaintiff as an executive assistant from April 22, 2019, through November 22, 2023.

17. At all times material hereto, Amazon was responsible for promulgating

employment policies and making employment decisions regarding Plaintiff's employment.

18. Plaintiff's job responsibilities included, among other things, His job duties included managing domestic and international travel, managing expense report coordination and submission, organizing activities and meetings for various teams, and managing complex calendar and scheduling requirements, including interfacing with senior executives and other executive assistants.

19. On August 23, 2023, Plaintiff attended a talent review meeting with several Amazon leadership associates and human resources executives.

20. The meeting room was having audio issues, which Plaintiff tried to trouble shoot.

21. A Caucasian senior executive, Jean-Marc Dupont, aggressively confronted Plaintiff about the audio issues. Plaintiff explained to Mr. Dupont that he was doing everything he could to remedy the situation. Mr. Dupont then told Plaintiff that he wanted to move all the executives to the conference room on the tenth floor of the building.

22. Plaintiff disagreed, noting that the maximum capacity for that conference room was 16 and there were over 20 associates present at the talent review.

23. Plaintiff is 5'11 and 165 pounds. Mr. Dupont is over 6'5 and over 200 pounds.

24. At one point, Plaintiff had to put his hands up to guard his face as he (and

4

others in the room) believed that Mr. Dupont was going to take a swing at Plaintiff.

25. Mr. Dupont got further upset, stood over Plaintiff, pointed in Plaintiff's face, and said with a raised voice, "If this does not work tomorrow, this is on you!" Mr. Dupont then stormed off.

26. Within minutes of his interaction with Mr. Dupont, Plaintiff reported this incident to Alexis Stevens, Head of Human Resources and Tobin Weldele, Vice President of Worldwide Customer Service.

27. Plaintiff was in tears and in fear when addressing the issue to Mr. Weldele, and Mr. Weldele reassured Plaintiff that he would talk with Mr. Dupont about his behavior.

28. On November 14, 2023, after Amazon failed to investigate this incident or otherwise follow-up with Plaintiff, Plaintiff reported the situation to the Ethics hotline to have it documented. In that report, Plaintiff stated that he believed he was being targeted and discriminated against on account of his race and sex/sexual orientation.

29. On November 17, 2023, Plaintiff was told that he was suspended pending further investigation.

30. Amazon failed to further investigate the allegations raised by Plaintiff.

31. On November 22, 2023, Amazon terminated Plaintiff's employment.

32. The reasons provided by Amazon for Plaintiff's termination are pretextual.

33. Amazon discriminated against Plaintiff on account of his race and sex/sexual orientation.

34. Amazon retaliated against Plaintiff for engaging in protected activity: reporting the misconduct of Amazon executives.

### Count I: Retaliation in Violation of Title VII

35. Amazon was aware of Plaintiff's complaints of harassment and discrimination, constituting protected activity under Title VII.

36. Amazon had actual knowledge of Plaintiff's complaint about harassment and assault and that his actions constituted protected activity under Title VII.

37. At all times material to this Complaint, Title VII prohibited employers from retaliating against employees for engaging in the protected activity of opposing any practice unlawful under Title VII, including sexual and racial harassment.

38. Amazon retaliated against Plaintiff when it suspended him and then terminated his employment because he reported conduct made unlawful by Title VII.

39. Amazon acted with malice or with reckless indifference to the federally protected rights of Plaintiff when it terminated his employment.

40. Amazon retaliated against Plaintiff because he opposed actions and activities made unlawful by Title VII when it suspended him and then terminated his employment.

41.     As a direct and proximate result of Amazon's unlawful retaliation against Plaintiff, he has suffered and continues to suffer loss of income, emotional distress and emotional pain and suffering, in an amount to be proved at trial.

42.     As the direct and proximate result of Amazon's unlawful retaliation against Plaintiff, he has been forced to incur attorneys' fees and expenses of litigation for which Amazon is liable.

**Count II: Discrimination in Violation of Title VII**

43.     At all times material to this Complaint, Defendants employed 15 or more employees within the meaning of Title VII. 42 U.S.C. § 2000e(a).

44.     At all times material to this Complaint, Plaintiff was an employee of Defendants within the meaning of Title VII. 42 U.S.C. § 2000e(b).

45.     At all times material to this Complaint, Title VII prohibited employers from discriminating against employees on account of sex/sexual orientation and race.

46.     Defendant terminated Plaintiff because of his race and sex/sexual orientation.

47.     Defendants did not terminate employees similarly situated to Plaintiff who were outside Plaintiff's protected classes.

48.     Defendant, by and through its agents, engaged in the aforementioned conduct, acts, and omissions when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Amazon as follows:

A.   Trial by jury;

B.   Judgment for Plaintiff in an amount sufficient to fully compensate Plaintiff for all personal damages sustained, including but not limited to full compensation for his emotional distress, mental anguish, humiliation and loss of reputation in the maximum amount permissible under law;

C.   Judgment for Plaintiff in an amount sufficient to fully compensate Plaintiff for all pecuniary damages sustained, including but not limited to front pay, back pay, lost income and benefits in the maximum amount permissible under law;

D.   Judgment for Plaintiff for punitive damages in the maximum amount permissible under law;

E.   Judgment for Plaintiff for the reasonable attorney's fees and costs incurred by Plaintiff prosecuting this action;

F.   Judgment for Plaintiff for pre-judgment and post-judgment interest at the highest rate permitted by law; and

G.   Any and all other relief that this Honorable Court may deem just and equitable.

Dated: June 21, 2024

                                       **Hall & Lampros, LLP**

                           By:   /S/ Andrew Lampros
                                Andrew Lampros
                                Ga. Bar #432328

300 Galleria Pkwy
Suite 300
Atlanta, GA 30339
404/876-8100
alampros@hallandlampros.com


HR LAW COUNSEL
Ethan G. Zelizer (to be admitted *pro hac vice*)
29 S. Webster St.
Suite 350-C
Naperville, IL 60540
630/551-8374
ethan@hrlawcounsel.com


*Attorneys for Plaintiff*